IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CLARENCE S. ALLEN,**
**D.O.C. # J16812,**

    **Plaintiff,**

vs.                                    Case No. 4:07cv279-RH/WCS

**ASSISTANT ATTORNEY GENERAL,**
**et al.,**

    **Defendants.**

                                      /

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate incarcerated within the Florida Department of Corrections, initiated a case in the Middle District of Florida. This action has subsequently been transferred to this Court because Plaintiff is incarcerated at Jefferson Correctional Institution, within the jurisdiction of this Court. Doc. 5.

    Plaintiff did not submit the filing fee at the time of case initiation. Plaintiff also did not file a separate motion seeking leave to proceed *in forma pauperis*, although he appears to request such status within the complaint. At any rate, even if Plaintiff had properly sought *in forma pauperis* status, he cannot be granted the privilege of proceeding in this case without paying the filing fee in full. Plaintiff has incurred more

than three "strikes" and is not entitled to *in forma pauperis* status in federal court.  28 U.S.C. § 1915(g).

Previously, Plaintiff initiated case 3:99cv312 in the Middle District of Florida.  It was dismissed on February 1, 2000, by the Honorable United States District Judge Harvey Schlesinger as frivolous.  Doc. 9 of case 3:99cv312.  Plaintiff also brought case 4:03cv77 in this Court.  It was dismissed for failure to state a claim upon which relief may be granted.  Doc. 13 of case 4:03cv77.  Plaintiff's second case in this Court, case 4:03cv226, was dismissed as frivolous.  That gave Plaintiff *at least* three strikes.

Plaintiff attempted to bring a third case in this Court in 2006, case 4:06cv456.  That case was dismissed because Plaintiff was found to have already incurred three "strikes" under § 1915.  The complaint was dismissed pursuant to § 1915(g) on November 3, 2006.  Doc. 11 of case 4:06cv456-MP/WCS.  Thus, Plaintiff is well aware that he must pay the filing fee at time of case initiation.

Plaintiff's claims in this case, as much as may be discerned, do not allege imminent physical danger.  Doc. 1.  Indeed, Plaintiff's claims are entirely frivolous.  Accordingly, this case must be dismissed without prejudice.  Plaintiff should be permitted to refile this case if he simultaneously pays the full amount of the filing fee.  *See* <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED without prejudice** because Plaintiff is barred by 28 U.S.C. § 1915(g) from

initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on June 18, 2007.

    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**